**UNIQUE MEDIUM, LLC d/b/a/ Fantasy Island, Jonathan D. Milks and Frederick Leonardi, Plaintiffs,**

v.

**TOWN OF PERTH, Defendant.**

**No. 1:02–CV–1534(FJS/DRH).**

United States District Court,
N.D. New York.

March 12, 2004.

---

Law Office of David Brickman (David Brickman, Esq., of Counsel), Albany, NY, for Plaintiffs.

Ryan & Smallacombe, PLLC (Claudia A. Ryan, Esq., of Counsel), Albany, NY, for Defendant.

## MEMORANDUM–DECISION AND ORDER

SCULLIN, Chief Judge.

## I. INTRODUCTION

Plaintiffs' complaint, pursuant to 42 U.S.C. §§ 1983 and 1985, alleges violation of the First, Fourth, Fifth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution. Presently before the Court are Plaintiffs' motion for a preliminary injunction and Defendant's motion for dismissal of the complaint.

## II. BACKGROUND

Plaintiff Unique Medium, LLC d/b/a Fantasy Island and its members, Plaintiffs Milks and Leonardi, own and operate an adult business ("Fantasy Island") in the Town of Perth, New York.

Plaintiffs allege that prior to opening Fantasy Island in November, 2002, they examined local zoning ordinances and determined that Defendant had no specific restrictions regarding adult uses. According to Plaintiffs, Defendant required only that anyone opening a retail or retail service establishment obtain a certificate of occupancy for the premises. Plaintiffs maintain that they entered into a lease and received a certificate of occupancy from Defendant's Code Enforcement Officer Robert Howland ("Inspector Howland") in November, 2002. According to Plaintiffs, Defendant did not have a specific form or procedure for granting the certificate of occupancy; rather, Inspector Howland dealt informally with applicants over the phone and typically requested a written statement of use for the premises. Plaintiffs submitted a written statement that they planned to open "a 'retail business' providing lingerie and 'all related accessories.'" *See* Plaintiffs' Memorandum of Law in Support of a Preliminary Injunction at 1. Inspector Holland then granted the certificate of occupancy

Upon receiving the certificate, Plaintiffs opened their business, which consists of the sale and rental of adult movies, lingerie and toys as well as small rooms for private lingerie modeling sessions. Plaintiffs thereafter received a letter from Defendant revoking Fantasy Island's certificate of occupancy on the grounds that the certificate had been granted for a "retail" classification while Fantasy Island was actually subject to an "assembly" classification because of the private lingerie modeling rooms.[1] Plaintiffs allege that since the business opened, Defendant has engaged in a scheme to shut it down and deprive Plaintiffs of "the opportunity and ability to conduct lawful business activities and to engage in constitutionally protected speech and conduct." *See* Plaintiffs' Complaint at ¶ 20.

Plaintiffs filed a complaint in this Court on December 10, 2002, seeking a preliminary injunction as well as monetary damages. Defendant moved for dismissal of the complaint on the grounds that Plaintiffs' claims are not ripe. In the alterna-

---

1. Defendant contends that Plaintiffs did not disclose in their original application that they would have private lingerie modeling facili- ties. Plaintiffs contend that the private lingerie modeling does not change the nature of the business from "retail" to "assembly."

tive, Defendant moved for summary judgment as to all of Plaintiffs' claims.

## III. DISCUSSION

### A. Standing

#### 1. First Amendment Claim

■ The ripeness doctrine prevents a federal court from considering a case in which the dispute has not yet "matured to a point that warrants decision." *Tri–State Video Corp. v. Town of Stephentown*, No. 97–CV–965, 1998 WL 72331, *2, 1998 U.S. Dist. LEXIS 1899, *7 (N.D.N.Y. Feb. 13, 1998) (citing *Auerbach v. Board of Educ.*, 136 F.3d 104 (2d Cir.1998)).

■ In the context of facial First Amendment challenges, courts apply a somewhat relaxed standard for establishing the ripeness of a claim. *See Dougherty v. Town of N. Hempstead Bd. of Zoning App.*, 282 F.3d 83, 90 (2d Cir.2002) (citations omitted). Under this relaxed standard, a plaintiff alleging an unconstitutional licensing scheme need not apply for a license before challenging the scheme. *See Metropolis of Conn. LLC v. Fleming*, No. 3:01 CV 670, 2002 WL 1359688, *3, 2002 U.S. Dist. LEXIS 11579, *11–*12 (D. Conn. June 18, 2002) (quotation omitted). With regard to as-applied First Amendment challenges, however, a plaintiff must suffer an actual or imminent injury from the allegedly unconstitutional provision. *See Marchi v. Bd. of Coop. Educ. Services*, 173 F.3d 469, 478–79 (2d Cir.1999) (citation omitted).

Plaintiffs argue that Defendant is impermissibly using its building and fire safety code to proscribe adult uses. Citing *Nakatomi Invs., Inc. v. City of Schenectady*, Plaintiffs contend that their claim is ripe because Defendant has attempted to enforce a prior restraint on their First Amendment rights by requiring them to obtain an assembly permit. *See* 949 F.Supp. 988 (N.D.N.Y.1997). Therefore, they contend that their injury has already occurred and that they need not apply for further permits before challenging Defendant's law. Further, Plaintiffs contend that, even if they wished to apply for an additional permit, an application form does not exist.

■ Plaintiffs' reliance on *Nakatomi Investments* is misplaced, as that case concerned a municipal ordinance that specifically required adult businesses to obtain special permits before opening. *See Nakatomi Invs.*, 949 F.Supp. at 990. As Defendant points out, its fire code is not a prior restraint or permitting scheme. The law does not target speech or expressive activity, and it does not give any official "unbridled discretion," which is the hallmark of an unconstitutional prior restraint. *See Beal v. Stern*, 184 F.3d 117, 124 (2d Cir.1999). For instance, the law requires the inspector to approve or reject an application for a certificate of occupancy within thirty days from the date of submission. *See* Town of Perth Local Law # 1–1985 § 4, Attached as Exhibit "B" to Defendant's Memorandum Opposing Preliminary Injunction. The statute requires that the inspector give an applicant written reasons for a denial and provides specific and limited grounds for revocation of a permit. *See id.* The law also establishes an appeal process, which allows an aggrieved party to appeal to a regional board. *See id.* at § 10. Thus, Defendant's ordinance, on its face, does not impermissibly infringe upon Plaintiffs' First Amendment rights. As a result, Plaintiffs' challenge is more properly characterized as an as-applied challenge, and Plaintiffs must therefore demonstrate actual or imminent injury to establish standing.

■ Plaintiffs admit that they have, as of yet, suffered no injury in fact. Fantasy Island remains open and operating. Defendant has not attempted to enforce any fines against Plaintiffs, and the state court

has stayed the criminal action pending Plaintiffs' application for a new permit or a decision from this Court. Therefore, the Court concludes that Plaintiffs' free speech claims are not yet ripe for adjudication.

### 2. Takings Claim

■ A takings claim is ripe when a government entity responsible for enforcing the regulations at issue has rendered a final decision and the plaintiff has sought compensation if the state provides a " " 'reasonable, certain and adequate provision for obtaining compensation.' " " *Santini v. Conn. Hazardous Waste Mgmt. Serv.*, 342 F.3d 118, 124 (2d Cir.2003) (quotation omitted).

■ Once again citing *Nakatomi Invs. v. City of Schenectady*, Plaintiffs contend that they need not exhaust their administrative remedies in order to bring the takings claims. *See* 949 F.Supp. 988. However, Plaintiffs admitted that they have not attempted to obtain an assembly permit from Inspector Howland even by informally requesting one. As a result, Plaintiffs have no final decision from Defendant. Where a plaintiff has not attempted to obtain required permits before bringing a takings claim in federal court, the plaintiff's claim is not ripe for adjudication. *See, e.g., Dix v. City of N.Y.*, No. 01 CIV. 6186, 2002 WL 31175251, *7 (S.D.N.Y. Sept. 30, 2002).[2]

As discussed above, Plaintiffs' establishment remains open for business and has never closed; Defendant has not attempted to collect any fine. Moreover, even accepting Plaintiffs' assertion that no application form exists that would permit them to operate legally, Plaintiffs have not pursued any of the reasonable and certain state remedies open to them, such as an appeal to the Zoning Board of Appeals or an Article 78 proceeding. Accordingly, the Court concludes that Plaintiff's takings claim is not ripe for adjudication.[3]

### IV.  CONCLUSION

After carefully considering the file in this matter and the parties' submissions, as well as the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiffs' motion for a preliminary injunction is **DENIED**; and the Court further

**ORDERS** that Defendant's motion for summary judgment is **DENIED**; and the Court further

**ORDERS** that Defendant's motion to dismiss the complaint on the ground that the claims are not ripe is **GRANTED** without prejudice; and the Court further

**ORDERS** that the Clerk of the Court enter judgment in favor of Defendant and close this case.

**IT IS SO ORDERED.**

---

**2.** Although case law recognizes a futility exception to the general rule that a plaintiff must first attempt to obtain required permits before bringing a federal takings claim, a plaintiff may not meet the futility exception by relying upon the bare assertion that government officials are biased. *See Dix*, 2002 WL 31175251, at *8 (citation omitted). In this case, Plaintiffs appear to have attempted to rely on the futility exception by offering only the bare assertion that Defendant's inspector and town board are biased against adult businesses and will therefore simply decline the application anyway.

**3.** Although Plaintiffs have also enumerated causes of action under the First, Fourth, Eighth, Ninth and Fourteenth Amendments, all of their claims derive from an alleged violation of their free speech rights. *See* Complaint at ¶¶ 42–43. Since Plaintiffs' free speech claims are not ripe, the derivative claims are also not ripe.